UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No: 21-cr-10230-RGS |
| ) | |
| SHAQUILLE LEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF SENTENCING RECOMMENDATION**

A 63-month sentence in this matter would communicate a clear message to the defendant, that society has laws that he simply must follow. The defendant, SHAQUILLE LEE, obviously did not get this message from his previous conviction for distributing crack cocaine in 2018, nor did he get it from his 2021 arrests for assault & battery at the Encore Casino and armed assault to murder with a firearm in Canton, Massachusetts. The defendant has shown that he is not merely an individual possessing a loaded handgun. He is not merely an individual who associates with Boston gang affiliates and multi-convicted federal felons. He is not merely a drug dealer. Instead, LEE is each and every one of these things.

For these reasons, along with the defendant's criminal history, the circumstances here justify the government's recommendation of 63 months of incarceration, followed by 3 years of supervised release. This recommendation, at the low end of the guidelines, reflects the seriousness of the offense, and is sufficient but no greater than necessary to accomplish the goals of sentencing. This sentence properly conveys the specific deterrence message that LEE so dearly needs to have delivered, and also dissuades others from engaging in similar dangerous conduct.

## THE ADVISORY SENTENCING GUIDELINES

On March 2, 2022, the defendant pled guilty to the Indictment, which charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The defendant's sentencing hearing is scheduled for July 14, 2022. There is no plea agreement in this case.

The government agrees that U.S. Probation has properly calculated the guidelines in the final Presentence Report.[1] The defendant was responsible for possessing a large-capacity firearm and ammunition, and with his criminal history, the PSR calculates his base offense level at 22. *See* PSR ¶ 22. The defendant is also responsible for possessing a stolen firearm, which increases the base offense level by 2, and for using or possessing the firearm in connection with another felony offense, which increases the base offense level by 4. Although the defendant objects to the inclusion of this 4-level increase, this enhancement is explicitly contemplated by USSG §2K2.1(b)(6)(B), and is necessary in this case to properly reflect the defendant's conduct, having recently completed state probation for analogous conduct. As noted in the PSR, the defendant was arrested during a search warrant where law enforcement recovered a firearm and LEE's cell phone on the nightstand in his room. Also recovered from that bedroom's closet were suspected narcotics, a drug ledger, money and a digital scale. Further, an extraction of LEE's cell phone recovered numerous conversations about drug distribution between LEE and his co-defendant, KHARY JONES, including conversations in the weeks leading up to their arrest in Everett, Massachusetts. Given the totality of the evidence seized during this arrest, the defendant's conduct was indicative of street-level drug distribution. *See* PSR ¶¶ 12-16. The defendant's adjusted offense level of 28 (pursuant to USSG §2K2.1(a)(4)(A) and

---

[1] References to the Presentence Report are by paragraph (PSR ¶ ___).

§2K2.1(b)(6)(B)) is reduced by three levels due to his prompt acceptance of responsibility, for a total offense level of 25.  *See* PSR ¶¶ 21-31.

The government respectfully objects to a portion of U.S. Probation's calculation of the defendant's criminal history score, and submits that he has a criminal record that results in a criminal history score of 2.  As a result, the defendant is in criminal history category II.  *See* PSR ¶ 35- 36, 74.  As stated in the PSR, the criminal history reflects that at the time of this offense, the defendant had been convicted of possession with intent to distribute, and distribution of, a class B substance (crack cocaine) in Cambridge District Court.  In that case, the defendant pled guilty and was sentenced to 6 months of probation in 2018.  Additionally, the defendant also entered a change of plea in Stoughton District Court, for racing a motor vehicle, [2] in violation of Mass. Gen. Laws, chapter 90 § 24(2)(a), and was sentenced to a continuance without a finding (CWOF) for a period of 6 months' probation in 2013.  In the months leading up to the defendant's federal indictment, LEE was arrested twice, and charged with assault & battery and assault & battery on a police officer for a fight at the Encore Casino in Everett, as well as illegal possession of a firearm armed assault to murder with a firearm in a shooting in Canton. [3]  With a criminal history category of II, the government would submit that the defendant's guideline sentencing range is 63 to 78 months.  The government also acknowledges that U.S. Probation

---

[2] This charge differentiates itself from the 'careless or reckless driving" that is argued by counsel and contemplated in the Sentences Counted and Excluded under USSG § 4A1.2.  Careless or reckless driving is considered in the Commonwealth of Massachusetts charge for negligent operation, when an individual operates a motor vehicle in a manner that might endanger the public.  Separately, a motor vehicle race is a competition between the drivers of two or more vehicles to excel in the rate of acceleration or in the speed of their respective vehicles.  *See* M.G.L. c.90 § 24(2)(a); *see also* https://www.mass.gov/doc/5640-road-racing-gl-c-90-s-24-2a/download.

[3] As of this filing, both of these matters are still pending in Massachusetts, in Malden District Court and Norfolk Superior Court (following defendant's state indictment for the shooting), respectively.

submits that the defendant has a criminal history category of I and therefore, sets the advisory guideline sentencing range at 57 to 71 months.  *See* PSR ¶ 74.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) assist the Court in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2).  These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence for criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant.   They also require courts to consider the kinds of sentences available, and the GSR.

Consideration of the § 3553(a) factors demonstrates that a sentence of 63 months, at the low end of the Guidelines Sentencing Range, followed by 3 years of supervised release, is the appropriate sentence in this case.

A.  **Nature of the Offense**

The nature and circumstances of this defendant's possession of a dangerous firearm and ammunition, while on pre-trial conditions of release and the subject of an active arrest warrant, justify a significant sentence of 63 months.  In analyzing the defendant's arrest, the Court should consider not only that he was armed with a Glock, Model 23, .40 caliber pistol, with serial number VMK390, loaded with 13 rounds of .40 caliber ammunition on his nightstand table, but that he also had an additional 30-round .40 caliber firearm extended magazine, loaded with 18 rounds of .40 caliber ammunition.

Further, when law enforcement agents executed a search warrant and located the firearm[4] at issue, it was based on his involvement in a shooting that took place in Canton, where it is alleged that the defendant was involved in a car chase and fired approximately five rounds from a firearm at the occupant of another vehicle.

Additionally, it is significant to the government's recommendation that during this search warrant and subsequent firearm arrest, law enforcement also located various items indicative of street-level distribution in the apartment. The fact that LEE continues to be involved in drug dealing, while now also possessing a large capacity weapon, demonstrates that a significant sentence is necessary to promote respect for the law and to provide just punishment and deterrence in this case.

### B. Characteristics of the Defendant

The government acknowledges the prompt acceptance of responsibility by this defendant. LEE, however, has several concerning aspects of his background that stand out. First, the defendant has previously engaged in drug dealing, which is relevant to the facts here. He has now engaged in this conduct, possessing the firearm in connection with another felony offense, while under investigation and state charges for several separate incidents of violence, and having recently completed a term of probation for drug distribution in Cambridge, Massachusetts.

Second, the government alleges that LEE is known to associate with JONES, a multi-convicted federal felon[5], and also with known affiliates of the Greenwood street gang in Boston.

---

[4] Although there is no direct evidence that this firearm was the one involved in the February, 2021 Canton shooting, National Integrated Ballistic Information Network (NIBIN) testing of the Glock Model 23, .40 caliber pistol, with serial number VMK390, has revealed that it is believed to have been used in six separate shooting incidents between 2016 and 2021, including in Massachusetts, Maine, and Rhode Island.

[5] JONES also has ties to Boston and an extensive criminal history, largely consisting of two previous federal convictions in Massachusetts, for a carjacking/firearm case where he received

While the defendant previously denied any gang affiliation, law enforcement has identified him as a Greenwood gang associate. As a result, LEE's criminal conduct here stands squarely at the intersection of guns, drugs, and gangs. The defendant's reoccurring involvement with drugs and now firearms has created a possible incendiary combination.

### C. Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others from continuing further criminal conduct while on pre-trial conditions of release, and from becoming involved in illegally possessing firearms. General deterrence must be considered for any individuals similar to the defendant's status, and that they must know that continuing to commit serious crimes, especially involving stolen firearms, is simply unacceptable. While the defendant has numerous prior arrests and convictions in Massachusetts, that involvement with the judicial system obviously did not impress upon the defendant the necessity of conforming his conduct to the law. Additionally, the dangers of crossing firearms and drug dealing are difficult to overstate. Individuals tempted to possess dangerous weapons, in furtherance of drug dealing, must understand that any involvement will have immediate and harsh consequences. Imprisonment is necessary to send a strong warning to others who might consider similar conduct, to show that it is not worth the punishment.

Considerations of specific deterrence also supports the imposition of substantial incarceration. The defendant is no stranger to the danger and problems that his conduct brings. The sentence recommended by the government is hopefully sufficient to deter the defendant from returning to a life of drug dealing and dangerous firearms, and that any continued criminal behavior will be met with serious consequences.

---

114 months in 2004, as well as a bank fraud conviction in 2016, where he received 24 months and 1 day in federal prison.

### D. Conditions of Supervised Release

The government also requests a term of 36 months of supervised release to follow the defendant's term of imprisonment. The government agrees that the defendant should be provided services and access to programs to assist with his re-entry to the community after his incarceration, and agrees with Probation's recommendation that the defendant participate in a parenting or fatherhood program as directed by the Probation Office, amongst the conditions of his supervision.

## THE GOVERNMENT'S RECOMMENDATION

For the foregoing reasons, those contained in the PSR, and those to be presented at the sentencing hearing, the government requests the following sentence:

- a term of 63 months' imprisonment;

- a fine within the Guidelines sentencing range, as calculated by the Court, unless the Court finds that the defendant is not able to pay a fine;

- a term of 36 months' supervised release with the conditions discussed above and recommended by probation; and

- a special assessment of $100.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:  /s/ John T. Dawley, Jr.
Assistant U.S. Attorney

Dated: July 11, 2022

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

/s/ John T. Dawley, Jr.
Assistant U.S. Attorney

Dated: July 11, 2022